# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JAMAL SHORT,

    Plaintiff,

vs.                                      Case No. 5:24-cv-427-MMH-PRL

IOAN OROS and GREMUS INC.,

    Defendants.
_____/

## Jurisdictional Order

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).[1]

Here, the Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. However, the jurisdictional allegations concerning the citizenship of one or more parties appear to be defective for the reason(s) indicated below:

☒ **Diversity.** The pleading fails to adequately allege the citizenship of the following parties: _____**Plaintiff Jamal Short**_____.

☐ It is insufficient to allege citizenship in the negative, i.e., that a party is not the citizen of a particular state. See Cameron v. Hodges, 127 U.S. 322, 324–25 (1888); AFC Franchising, LLC v. Purugganan, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318, 320–21 (7th Cir. 2002).

☒ **Individuals.** A natural person is a party to this case and the pleadings set forth the residence, rather than the citizenship, of that person. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). Citizenship is based on an individual's domicile, which requires both residence and "'an intention to remain there indefinitely . . . .'" See Travaglio, 735 F.3d at 1269

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). The all-too-common failure of counsel to even consider, much less properly address "the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, in an endeavor to reduce the time spent drafting orders on routine jurisdictional defects, the Court utilizes this form to identify the issues that must be corrected. The Court strongly encourages counsel to review the applicable authority on federal subject matter jurisdiction prior to any future filings in federal court. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

(quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

☐ The pleading is deficient because although it uses the word citizenship, the pleading cites to the individual's residence in support such that the Court cannot determine whether the pleader appreciates the distinction between residence and citizenship.

☐ **Unincorporated Entity.** A partnership, limited liability company (LLC), syndicate, or other unincorporated association is a party, and the pleadings fail to identify all of the members or partners of that entity. An unincorporated business association or entity is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of this entity, a party must list the citizenships of all members or partners of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181.

☐ The pleading is deficient because a party is identified in the caption as an LLC, partnership, or other unincorporated entity but in the body of the pleading is alleged to be a corporation. An entity cannot be both an unincorporated entity and a corporation. Clarification is needed. Upon identifying the correct business structure of the entity, its citizenship must be alleged based on the principles identified in this Order.

☐ The pleading is deficient because, although it identifies the entity's members, it fails to properly allege their citizenship. Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011); see also Meyerson, 312 F.3d at 320-21.

☐ The pleading is deficient because the Court must receive information regarding the citizenship of <u>all</u> members of an unincorporated entity, not just its managing members.

☐ The pleading is deficient because the materials cited in support of the membership allegations do not actually support those allegations. Most

3

often, this occurs when a party relies on records that identify an entity's "managers." Managers are not necessarily members.

☐ **Corporation.** A party to this case is a corporation. A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). The pleading is deficient because:

☐ The pleading does not state the respective state(s) of incorporation. Note that it is insufficient to merely allege that an entity is a "foreign" corporation. See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979)[2]; see also Fid. & Guar. Life Ins. Co. v. Thomas, 559 F. App'x 803, 805 n.5 (11th Cir. 2014).

☐ The pleading does not adequately identify the principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181 (2010).

☐ **Estate**. One or more of the parties is named as a personal representative of an estate, and the citizenship of the decedent is not properly alleged. See King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death."); see also 28 U.S.C. § 1332(c)(2).

☐ **Trust**. The citizenship of a trust is relevant to the jurisdictional inquiry in this case.[3] The trust appears to be a traditional trust but the citizenship of its trustee or trustees is not identified. A traditional trust is one where there is "a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law." Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019). Such a trust "holds the citizenship of its trustee, not of its beneficiaries." Id. Clarification is needed to explain whether the trust is in fact a traditional trust, as determined by the law of the state where it was formed. If so, the trustees of the trust and their respective citizenships must be alleged.[4]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] This typically occurs when an unincorporated entity is a party to the case and one of its members is a trust.

[4] In contrast, where the "trust" label has been applied to an unincorporated entity that itself can sue and be sued, as permitted under the laws of some states, then the entity

In light of the foregoing, the Court is unable to determine whether it has jurisdiction over this action and additional information is needed. Significantly, when actions are removed to federal court, Rule 7.1 of the Federal Rules of Civil Procedure (Rule(s)) requires each party to file a disclosure statement that names, and identifies the citizenship of, "every individual or entity whose citizenship is attributed to that party . . . ." See Rule 7.1(a)(2)(A). As such, and to resolve the Court's jurisdictional inquiry, the Court will set a deadline for the parties to file their respective Rule 7.1 disclosures. In completing the disclosures, the parties must identify their citizenship consistent with the principles discussed above.[5] This includes specifying the state(s) of

---

"possesses the citizenship of all its members." See Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (Mar. 7, 2016).

[5] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

incorporation and principal place of business of any corporation and identifying the citizenship, not residence, of any individual. Accordingly, it is

**ORDERED**:

On or before **September 9, 2024**, the parties shall each file the disclosure statement required by Rule 7.1 and Local Rule 3.03 of the United States District Court, Middle District of Florida. The parties must use the Disclosure Statement Form found on the Court's website [here](#) and complete the Form consistent with the directives of this Order.

**DONE AND ORDERED** in Chambers on August 21, 2024.

MARCIA MORALES HOWARD
United States District Judge